IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOGAN BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 24-cv-00144-L |
| | § | |
| TALLEY LOGISTICS, INC., d/b/a | § | |
| GREEN VAN LINES, DEREK BETTS, | § | |
| BEAU TALLEY AND JADA TALLEY, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Albert C. Black, III, court appointed receiver for Talley Logistics, Inc., d/b/a Green Van Lines, filed a Rule 12(b)(6) motion to dismiss Plaintiff's Title VII claims. The District Judge referred the motion to the undersigned United States Magistrate Judge for proposed findings a recommended disposition under 28 U.S.C. § 636(b). Order (ECF No. 12). As explained below, the District Judge should treat the motion as a motion for judgment on the pleadings under Rule 12(c), dismiss Plaintiff's Title VII claim with prejudice, decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and dismiss those claims without prejudice.

**Background**

Plaintiff Logan Brown, a woman in her early 20s, brings this civil action against her former employer and a supervisor for sex discrimination and

1

harassment. *See generally*, Compl. (ECF No. 1). Brown alleges that she began working as an outside sales representative for Green Van Lines on September 1, 2021. *Id.* at 2. On January 16, 2023, Brown's newly-hired General Manager Defendant Derek Betts sexually harassed her. *Id.* at 2-3. Brown reported Betts's behavior to the company's owners, Defendants Beau and Jada Talley,[1] but the Talleys allegedly refused to discipline Betts. *Id.* at 4-5. When Brown requested a leave of absence, Beau Talley asked Brown to return the company car and terminated her access to her company email account. *Id.* at 5. Brown contends that Defendants terminated her or that she was constructively discharged. *Id.* Based on these facts, Brown filed this lawsuit asserting a claim against Defendant Talley Logistics for sex discrimination under Title VII. *Id.* She also sues Talley Logistics, Betts, and the Talleys for sexual harassment under Section 21.142 of the Texas Labor Code. *Id.* at 6.

Beau Talley, Jada Talley and Albert C. Black, III, court appointed receiver for Talley Logistics, Inc., d/b/a Green Van Lines, filed separate answers generally denying Brown's claims.[2] *See generally*, Ans. (ECF Nos. 5, 6, and 9). As part of its

---

[1] In her Answer, Jada Talley pleads that Brown incorrectly identified her as "Jaeden." Ans. (ECF No. 5).
[2] Betts has not filed an answer, but Brown has not filed proof of service on Betts. Under Rule 4 of the Federal Rules of Civil Procedure, Brown is responsible for properly serving Betts with a summons and complaint and filing proof of service with the Court. Fed. R. Civ. P. 4(c), 4(l). And "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* 4(m). Service on Betts was due April 18, 2024.

2

Answer, Talley Logistics moves to dismiss Brown's Title VII claim, arguing that Brown failed to plead that it has fifteen or more employees, a threshold requirement for liability. Mot. 1 (ECF No. 9). Talley Logistics denies that it has fifteen or more employees. *Id.* at 2. Brown filed her Response urging the Court to deny Talley Logistics's motion as untimely because it was filed contemporaneously with the company's Answer. Resp. 1 (ECF No. 13).

As explained below, the District Court should treat Talley Logistics's motion as a motion for judgment on the pleadings under Rule 12(c) and grant the relief requested. Further, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismiss those claims without prejudice.

**Legal Standards**

1. <u>Timeliness of a 12(b) Motion to Dismiss and Conversion to a 12(c) Motion</u>

Under Federal Rule of Civil Procedure 12(b), "[a] motion asserting [failure to state a claim upon which relief can be granted as a defense] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). However, if a Rule 12(b)(6) motion is untimely, the court will treat it as a motion for judgment on the pleadings under Rule 12(c). *See Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *13 & n.9 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.) ("[Defendant's] Rule 12(b)(6) motion is untimely because he filed it . . . after he answered [plaintiff's] first amended complaint[.] . . . Nevertheless, the court will treat the motion as if it were a Rule 12(c) motion for judgment on the pleadings.") (citing *Jones v.*

3

*Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *See also Obazee v. Bank of N.Y. Mellon*, 2015 WL 4602971, at *1 (N.D. Tex. July 31, 2015) (construing the defendants' Rule 12(b)(6) motion filed after their state-court answer as a motion for judgment on the pleadings under Rule 12(c)). And the Court may do so *sua sponte*. *See Jackson*, 2006 WL 680471, at *13 & n.9 (court *sua sponte* treating untimely Rule 12(b)(6) motion as if it were a Rule 12(c) motion for judgment on the pleadings). This procedure is fair because Brown will have an opportunity to object. *See Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp .2d 725, 733 n. 7 (N.D. Tex. 2011) (Fitzwater, C.J.) (noting that district court has authority to consider sufficiency of complaint and dismiss action on its own motion as long as procedure employed is fair, raising ground for dismissal *sua sponte*).

2. Rule 12(c) Motion for Judgment on the Pleadings

A motion under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (internal citations omitted). The standard for deciding a motion under Rule 12(c) is the same as a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).

When deciding a Rule 12(b)(6) motion to dismiss, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However,

4

when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion [for judgment on the pleadings] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings*, 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F. 3d 383, 387 (5th Cir. 2010)); see also *Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.*, 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings." (citing *Spivey*, 197 F.3d at 774 (5th Cir. 1999), aff'd, 824 F. App'x 210 (5th Cir. 2020)).

Therefore, to survive a Rule 12(b)(6) or Rule 12(c) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the

5

misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.*

## Analysis

Talley Logistics's Rule 12(b)(6) motion is untimely because it filed the Motion contemporaneously with its Answer. *See* Fed. R. Civ. P. 12(b). But that does not preclude Talley Logistics from moving under Rule 12(c) for judgment on the pleadings on the basis that Brown has failed to state a claim on which relief can be granted. *See* Fed. R. Civ. P. Rule 12(h)(2) (permitting a party to raise the defense of failure to state a claim by motion for judgment on the pleadings under Rule 12(c)); *see also Fisher v. Dallas Cnty.*, 2014 WL 4797006, at *8 (N.D. Tex. Sept. 26, 2014) (Fitzwater, C.J.) ("[T]he intent of [Rules 12(g)(2) and (h)(2)] is to make clear that a party can raise by Rule 12(c) motion the defense of failure to state a claim on which relief can be granted[.]"). Therefore, the Court construes Brown's untimely Rule 12(b)(6) motion instead as a 12(c) motion for judgment on the pleadings.

To survive Talley Logistics's motion to dismiss, Brown must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at

6

570. Title VII imposes liability only on "employers"—a term specifically defined as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e(b). "Title VII's 15-employee threshold is an element of a plaintiff's claim for relief[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006). While Brown alleges that Talley Logistics "became her employer" sometime "in or around mid-September 2022," (Compl. 2) her Complaint is void of any allegation about the number of employees employed by Talley Logistics during the relevant period. Accordingly, Brown fails to adequately plead that Talley Logistics is an "employer" under Title VII and consequently fails to state a claim for relief under the statute. *See Henry v. RESCU Found.*, 2024 WL 3259073, at *4 (N.D. Tex. May 29, 2024) (Rutherford, J.), *adopted by* 2024 WL 3264496 (N.D. Tex. July 1, 2024) (Godbey, J.); *see also Mejia v. Ayala*, 2021 WL 3930090, at *3 (N.D. Tex. Sept. 2, 2021) (holding that plaintiff "has failed to plausibly allege that defendants were her employers within the meaning of Title VII" by failing to plead defendants employed fifteen or more employees); *Lindsley v. TRT Holdings, Inc.*, 2018 WL 3368930, at *2 (N.D. Tex. July 10, 2018) ("[Plaintiff] has not alleged how many people [defendant] employs and has therefore failed to state a claim under Title VII[.]"). Accordingly, the District Judge should dismiss Brown's Title VII claim because she failed to plead that Talley Logistics has fifteen or more employees.

  Brown requests that—if the Court determines she must affirmatively plead Talley Logistics had at least fifteen employees in order to state a claim under Title VII—she be granted leave to file an amended complaint. Resp. 4 (ECF No. 13).

7

However, Talley Logistics denies that it had at least fifteen employees during the relevant period (Mot. 2 (ECF No. 11)) and Brown does not explain what allegations she would include in an amended complaint to overcome this deficiency. *See Wiggins v. Louisiana State Univ.—Health Care Services Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) ("A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court."); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("'[A] formulaic recitation of the elements of a cause of action will not do.'"). To the extent that she can do so, the opportunity to file objections to this recommendation (explained in further detail below) gives Brown a fair opportunity to plead her best case by stating the *specific* facts she would include in an amended complaint to overcome the identified deficiencies and show that Talley Logistics had at least fifteen employees during the relevant period.

Brown also claims that Defendants' conduct violated Section 21.142 of the Texas Labor Code. Compl. 6. But there is no independent jurisdictional basis for this claim,[3] so the Court can only exercise supplemental jurisdiction over her remaining claims under 28 U.S.C. § 1367. In the Fifth Circuit, "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all the federal law claims are eliminated before trial." *Brookshire Bros.*

---

[3] Brown does not allege complete diversity of citizenship exists.

*Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (citing *Batiste v. Island Recs. Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)); *see also Parker & Parsley Petrol. Co. v. Dresser*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989))). Further, when the federal claims are dismissed at an early stage of the litigation, the district court has a "powerful reason to choose not to continue to exercise jurisdiction." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).

This case is still at an early stage. Brown has not served all the named defendants, and there is no scheduling order in place. Accordingly, the District Judge should decline to exercise supplemental jurisdiction over Brown's remaining state law claims.

## Recommendation

The District Court should treat Talley Logistics's Rule 12(b)(6) motion as a motion for judgment on the pleadings under Rule 12(c), DISMISS Brown's Title VII claim with prejudice, decline to exercise supplemental jurisdiction over Brown's remaining state law claims, and DISMISS those claims without prejudice.

**SO RECOMMENDED**.
October 24, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).