IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LOGAN BROWN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-cv-144-L** |
| | § | |
| **TALLEY LOGISTICS, INC. d/b/a** | § | |
| **Green Van Lines, DEREK BETTS,** | § | |
| **BEAU TALLEY, and JADEN** | § | |
| **TALLEY,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Talley Logistics d/b/a Green Van Lines' ("Talley Logistics") Motion to Dismiss and Original Answer to Plaintiff's Original Complaint ("Motion to Dismiss") (Doc. 9), filed on May 13, 2024 and Plaintiff Logan Brown's ("Plaintiff" or "Ms. Brown") Response to Defendant's Motion to Dismiss ("Plaintiff's Response") (Doc. 13), filed on June 6, 2024. On May 20, 2024, the court referred the Motion to Dismiss to Magistrate Judge Rebecca Rutherford for hearing, if necessary, and to submit to the court proposed findings and recommendations for disposition of the Motion to Dismiss (Doc. 12). The United States Magistrate Judge filed her Findings, Conclusions, and Recommendation ("Report") (Doc. 14) on October 24, 2024, recommending that the court **grant** the Motion to Dismiss, **dismiss with prejudice** the Title VII claims, **decline** to exercise supplemental jurisdiction over Ms. Brown's remaining state law claims, and **dismiss without prejudice** the state claims. Ms. Brown filed Plaintiff's Objection to the Magistrate Judge's Recommendation on October 30, 2024 (Doc. 15).

Memorandum Opinion and Order – Page 1

After considering the Report, Complaint, Motion to Dismiss, Objections, record, and applicable law, the court **accepts** the Report **in part** and **rejects** it **in part.** The court **accepts** the Report insofar as it relates to the factual and legal analysis regarding Plaintiff's Title VII claim. The court **rejects** the Report insofar as it recommends that the case be dismissed with prejudice and Ms. Brown be denied leave to amend.

## I.     Factual and Procedural History

Ms. Brown filed Plaintiff's Original Complaint ("Complaint") on January 19, 2024, against Talley Logistics. Doc. 1. She brings claims pursuant to 42 U.S.C. § 2000 *et seq.* for sex (gender) discrimination and a sexual harassment claim pursuant to Texas Labor Code § 21.142. *Id.* at 5-6. She contends that she began working as an outside sales representative for Green Van Lines on September 1, 2021. *Id.* at 2. Ms. Brown contends that Derek Betts ("Mr. Betts"), who was the General Manager, sexually harassed her. *Id.* at 2-3. She contends that she reported Mr. Betts' behavior to the company's owners, Beau and Jada Talley, and that they refused to discipline Mr. Betts. *Id*. at 4-5. Further, she contends that Defendants terminated her or that she was constructively discharged. *Id.*

## II.    Legal Standard

Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial. Fed. R. Civ. P. 12(c). "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply) . . . ." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 213 (3d ed. 2004) (footnote omitted).  (footnote omitted).  A "defendant may not move under Rule 12(c) prior to filing an answer." *Id*. at 214.

A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the

allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co.*, 313

F.3d at 312. While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).

### III.  Magistrate Judge's Report  (Doc. 14)

Magistrate Judge Rutherford determined that Talley Logistics' Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion should be treated as a motion for judgment on the pleadings pursuant to Rule 12(c) because it was untimely, to which the court agrees, as it was filed contemporaneously with its Answer. Report 1.

The magistrate judge determined that Title VII imposes liability only on employers—a term specifically defined as a person engaged in an industry affecting commerce who has fifteen or more employees. Report 7 (citation and internal quotation marks omitted). She concluded that Ms. Brown's Complaint is void of any allegation about the number of persons employed by Defendant during the relevant period. Report 7 (citations omitted). Magistrate Judge Rutherford

further concluded that Ms. Brown "fails to adequately plead that Talley Logistics is an 'employer' under Title VII and consequently fails to state a claim for relief under the statute." *Id.* The magistrate judge determined that Ms. Brown failed to plead that Talley Logistics has fifteen or more employees. *Id.*

Moreover, Magistrate Judge Rutherford determined that Ms. Brown should not be granted leave to file an amended complaint because Defendant denies having at least fifteen employees during the relevant period, and she does not explain what allegations she would include in her amended complaint to overcome the deficiency. Report 7-8 (citations omitted). As it relates to the court exercising supplemental jurisdiction over the alleged violations of section 21.142 of the Texas Labor Code, the magistrate judge determined that there is no independent jurisdictional basis for this claim, so the court can only exercise supplemental jurisdiction over the remaining claims. Report 8 (citations omitted). Because the case is in an early stage, Ms. Brown has not served all the named defendants, and there is no scheduling order in place, the magistrate judge recommends that the court decline to exercise supplemental jurisdiction over the remaining state law claims. Report 9.

The court agrees with the magistrate judge, as she correctly states that Plaintiff fails to adequately plead that Talley Logistics is an "employer" under Title VII and that it has fifteen or more employees. The court does not, however, agree that Ms. Brown has pled her best case and that she should not be allowed to amend her Complaint.

Plaintiff's request for leave is governed by Federal Rule of Civil Procedure 15(a) because, as noted by the Report, no scheduling order has been entered setting a deadline for amendment of pleadings. Rule 15(a)(2) provides that "[t]he court should freely give leave when

justice so requires," but this provision is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Allowing Plaintiff to amend her pleadings would not be futile. There is nothing on the record that shows undue delay, bad faith, or dilatory motive on the part of Plaintiff. Further, several additional factors weigh in favor of allowing Plaintiff to amend her pleadings. This case is in the early stage of litigation; the operative pleading is the original Complaint, which was filed on January 19, 2024; Ms. Brown has not served all of the named Defendants; and a scheduling order has not been issued. The deficiencies in her pleadings were identified for the first time in the Report, which means she has not had an opportunity to cure. Further, the court is not convinced that Talley Logistics will suffer undue prejudice as a result of their incurring additional expense in filing a second motion to dismiss that addresses the new pleading. Moreover, district courts should allow a plaintiff at least one opportunity to amend and cure defects in pleadings, "unless it is clear that the defects are incurable or the plaintiff[] advise[s] the court that [she] [is] unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co.,* 313 F. 3d at 329.

Considering all of these factors, the court determines that Ms. Brown should be allowed to amend her pleadings and that this case should be **dismissed without prejudice**.

### IV.     Plaintiff's Objections (Doc. 15)

Plaintiff contends that her pleadings sufficiently establish her Title VII claim pursuant to Federal Rule of Civil Procedure 8(a)(2). Doc. 15 at 1. She contends that this issue does not need to be decided because she can "easily" amend her complaint to satisfy the threshold requirement. *Id.* Ms. Brown further contends that Defendant does not state if the allegation as it relates to the number of its employees is based on current employee headcount or during the relevant time period. *Id.* at 2. She contends that if the court allows her to amend her pleadings, she will be able to allege the following:

> As an employee of Talley Logistics, Plaintiff often visited Talley Logistics' office and observed Talley Logistics' employees in the office. In addition, Plaintiff would communicate and interact with Talley Logistics' employees. In 2022 and early 2023, Plaintiff observed more than 30 different employees in Talley Logistics' office.

*Id.* Finally, she contends that this allegation would establish the threshold employee headcount required by Title VII, and she requests that this court grant her the opportunity to file an amended complaint. *Id.* at 3 (citation omitted).

For the reasons previously stated, the court **overrules as moot** Plaintiff's Objections.

### V.     Conclusion

Having considered the Report, Complaint, Motion to Dismiss, Objections, record, and applicable law, the court **accepts** the Report **in part** and **rejects** the Report **in part.** The court

Memorandum Opinion and Order – Page 8

**accepts** the Report insofar as it relates to the factual and legal analysis regarding Plaintiff's Title VII claim. The court **rejects** the Report insofar as it recommends that the case be dismissed with prejudice and Ms. Brown be denied leave to amend.

Accordingly, the court **grants** Defendant Talley Logistics Motion to Dismiss (Doc. 9); **overrules as moot** Plaintiff's Objections (Doc. 15); **dismisses without prejudice** Plaintiff's claims; and **grants** Plaintiff leave to amend her pleadings to correct the deficiencies identified by the court. The court will dismiss this action with prejudice for failure to state a claim upon which relief can be granted if Plaintiff fails to comply with the court's order. Plaintiff shall file an Amended Complaint by **5 p.m. on December 11, 2024.**

**It is so ordered** this 26th day of November, 2024.

Sam A. Lindsay
United States District Judge